IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | **Criminal No.: RDB-14-0580** |
| **WALTER TIMMONS,** | * | |
| | * | |
| **Defendant**. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM ORDER</u>

On August 27, 2015, Defendant Walter Timmons ("Defendant" or "Timmons") pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 293.) Pursuant to that Plea Agreement, Timmons stipulated that a sentence between 84 and 120 was appropriate in this case. (ECF No. 295.) On November 5, 2015, Judge Quarles of this Court[1] sentenced Timmons to 84 months' imprisonment with credit for time served in custody since December 16, 2014, and a three-year term of supervised release. (ECF No. 369.) On February 22, 2021, Timmons filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 552.) For the reasons that follow, the Defendant's Motion (ECF No. 552) is DENIED.

## BACKGROUND

On December 10, 2014, Defendant Timmons was charged in a single-count Indictment alongside thirteen other co-Defendants with conspiracy to distribute and possess with intent

---

[1] Upon the retirement of Judge Quarles, this case was reassigned to the undersigned judge.

1

to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. (ECF No. 1.) A Superseding Information filed on August 21, 2015 charged Timmons with possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1). (ECF No. 288.) On August 27, 2015, Timmons waived indictment and pled guilty to the single count of the Superseding Information pursuant to a Rule 11(c)(1)(C) Plea Agreement. (ECF Nos. 293, 294, 295.) Pursuant to that Plea Agreement, Timmons made certain factual and sentencing guidelines stipulations.

With respect to the facts, Timmons stipulated to selling an undercover task force officer in total more than $1,000 in gelatin capsules containing heroin. (ECF No. 295.) Three separate sales were audio and video recorded. (*Id.*) With respect to the Federal Sentencing Guidelines, Timmons stipulated to a final adjusted offense level of 29, which took into account the Defendant's criminal history as well as his acceptance of responsibility. (*Id.*) The parties agreed to recommend a sentence for a period of between 84 and 120 months. (*Id.*) On November 5, 2015, Judge Quarles sentenced Timmons to the lowest sentence within that requested range, ordering that he serve a total term of 84 months' imprisonment with credit for time served beginning on December 16, 2014, and a three-year term of supervised release. (ECF No. 369.)

On February 22, 2021, Defendant Timmons filed the presently pending *pro se* Motion for Compassionate Release. (ECF No. 552.) In that Motion, Timmons asserts that he recently recovered from COVID-19. (*Id.*) He asserts that his mother and his uncle have passed away in recent years, and that he has a lot going on in his life. (*Id.*) He alleges that due to the COVID-19 pandemic and corresponding lockdown within his facility, he has been unable to

contact his loved ones. (*Id.*) He states that he has a good job waiting for him at home and that his family needs his support. (*Id.*)

Upon Timmons' filing of his *pro se* Motion, the Clerk of this Court mailed Timmons a letter informing him of the required procedures to pursue his Motion, which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A) and providing the Office of the Federal Public Defender with such information to assist him with his motion. (ECF No. 553.) On April 2, 2021, the Office of the Federal Public Defender filed correspondence with this Court stating that it had reviewed Timmons' *pro se* Motion and that it would not be supplementing the Motion or asking for appointment of counsel in this matter. (ECF No. 557.) The Office also stated that it had not received any documentation regarding Timmons' exhaustion of administrative remedies. (*Id.*)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory

conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

In this case, Timmons has failed to demonstrate that he exhausted his administrative remedies.  As provided above, on February 22, 2021, Timmons filed the presently pending *pro se* Motion for Compassionate Release.  (ECF No. 552.)  That same day, the Clerk of this Court mailed Timmons a letter informing him of the required procedures to pursue his Motion, which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 553.)  On April 2, 2021, the Office of the Public Defender filed correspondence stating that it had not received any documentation regarding Timmons' exhaustion of administrative remedies and that it would not be supplementing his motion.  (ECF No. 557.)  He has not provided any such documentation to this Court either.  He has not demonstrated nor even alleged that he petitioned the Bureau of Prisons for release and that 30 days have elapsed.  Accordingly, his Motion is premature.

Even if Timmons has exhausted his administrative remedies as required, he has not shown extraordinary and compelling reasons for his release.  The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A).  28 U.S.C. § 994(t).  Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13

cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the BOP's regulations constrain this Court's analysis. The First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). As the United States Court of Appeals for the Fourth Circuit explained in *United States v. McCoy*, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reasons for release that a defendant might raise.'" 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Timmons does not allege that he suffers from any medical conditions which place him at risk of severe illness if he were to contract COVID-19. Instead, Timmons states that at least two close family members have recently passed and that he has been unable to contact his loved ones due to the COVID-19 pandemic. (ECF No. 552.) While this Court is mindful of the devastating impact the ongoing pandemic has had on many families and individuals within the BOP, as Magistrate Judge Day of this Court has aptly noted, "[t]he

existence of the present pandemic, without more, is not tantamount to a 'get out of jail free card.'" *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 at *3 (D. Md. Mar. 24, 2020). The existence of the pandemic alone is insufficient to create extraordinary and compelling reasons for relief. Timmons' concerns for his family and their need for his support are not sufficient either. *See United States v. Johnson*, No. RDB-09-272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020) (defendant's concern for family at home did not constitute "extraordinary and compelling reason to justify his release").

Additionally, Timmons suggests in his Motion that he has recently recovered from the COVID-19 virus. (ECF No. 552.) The fact that Timmons has already had COVID-19 suggests that any immediate risk of harm to him personally has passed. Indeed, according to the Centers for Disease Control and Prevention ("CDC"), "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[2] This Court notes that other courts across the nation have found that once an inmate has recovered from COVID-19, the risk of a second infection is insufficient to demonstrate extraordinary and compelling reasons for relief, even where such defendant presents medical conditions that put him at increased risk of severe illness. *See, e.g., United States v. Zahn*, No. 4:18-CR-00150-JD-1, 2020 WL 3035795, at *2 (N.D. Cal. June 6, 2020) (noting that, for an inmate who had and recovered from COVID-19, "the immediate threat . . . has passed, fortunately with no serious complications of any kind. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i)"); *United States v. Risley*, No. No. 1:12-CR-0363 AWI, 2020

---

[2] *See* CDC, *REINFECTION WITH COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Aug. 12, 2021).

WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.").

## CONCLUSION

Defendant Timmons has not alleged nor provided this Court with any evidence to suggest that he has exhausted his administrative remedies as required in order for this Court to consider the presently pending Motion. Moreover, even if Timmons has exhausted administrative remedies as required, he has not alleged extraordinary and compelling reasons allowing this Court to grant him his requested relief. Accordingly, it is HEREBY ORDERED this 13th Day of August 2021 that Defendant Timmons' Motion for Compassionate Release (ECF No. 552) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge